EDWARD M. WOLKOWITZ (State Bar No. 68298)
RICHARD P. STEELMAN, JR. (State Bar No. 266449)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email: EMW@LNBYB.COM; RPS@LNBYB.COM ; JSK@LNBYB.COM

Attorneys for Nancy J. Zamora,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:18-bk-12698-MT |
| GREEN NATION DIRECT CORPORATION, *Substantively Consolidated with* N.R.G. Investment Group | Chapter 7 Case |
| | Adversary Case No. _____ |
| Debtor. | **COMPLAINT TO AVOID AND RECOVER POST-PETITION TRANSFERS, FRAUDULENT TRANSFERS, AND PREFERENTIAL TRANSFERS; TO PRESERVE AVOIDED AND RECOVERED TRANSFERS FOR BENEFIT OF THE BANKRUPTCY ESTATE** |
| NANCY J. ZAMORA, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | |
| ROSA RUBIO, | |
| Defendants. | |

Plaintiff Nancy J. Zamora, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of Green Nation Direct Corporation ("GND") substantively consolidated with N.R.G. Investment Group ("NRG," and together with GND, the "Debtor"), respectfully alleges as follows:

1

**REQUIRED PLEADING DISCLOSURE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), (K) and (O) and are related to this bankruptcy case because the outcome of such claims for relief could have a significant effect on the Estate as each such claim for relief will impact property of the Estate and the amount of money available for distribution to creditors. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008(a) and 7012(b) require each defendant to plead whether each claim for relief asserted against such defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to FRBP Rule 7001, *et seq.* and title 11 of the United States Code, specifically §§ 101, 541, 542, 544, 547, 549, 550, 551, *et seq.* (the "Bankruptcy Code").

4. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a) because this adversary proceeding arises in and relates to a case under the Bankruptcy Code that is pending in this District.

**PARTIES**

5. The Trustee is informed and believes and based thereon alleges that Defendant Rosa Rubio ("Defendant") is the sister of the Debtor's principal Raul Segovia, resides in Mission Hills, California, and was an insider of the Debtor during the one-year period prior to the Petition Date and concluding on the Petition Date (the "Preference Period") and during all relevant times. Defendant is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

6.  On November 2, 2018 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor advertised itself as a company that renovated properties by providing construction services, and energy efficient upgrades to consumers.

7.  Plaintiff, Nancy J. Zamora, is the duly-appointed, qualified, and acting Trustee in the above-captioned Chapter 7 case.

8.  On or about July 7, 2020, the Court entered an order substantively consolidating NRG with GND, effective as of the Petition Date. [Doc. No. 275 at ¶ 3.] Pursuant to this order, GND and NRG shall be and are treated for all purposes as constituting the same entity, with any and all assets of either entity deemed property of the Estate, and any claim allowed against either entity shall be treated as an allowed claim against the Estate.

9.  The Trustee is informed and believes, and based thereon alleges that on or about October 1, 2016, the Debtor (specifically NRG) signed a document titled "Straight Note" for a purported loan in the amount of $50,000 (hereafter, the "Note") from Defendant in connection with the real property located at 15137 Morrison Street, Sherman Oaks, California 91403-1202, Assessor's Parcel Number (APN) 2263-018-007 (the "Morrison Property").

10. The Trustee is informed and believes, and based thereon alleges that on or about October 19, 2018, the Debtor signed an unrecorded Grant Deed transferring a 25% interest in the Morrison Property to Defendant (with the Debtor retaining a 75% interest).

11. The Trustee is informed and believes, and based thereon alleges that as of the Petition Date, the Debtor (specifically NRG) owned the Morrison Property.

12. The Trustee is informed and believes, and based thereon alleges that on or about January 29, 2019, the Debtor sold the Morrison Property. On or about January 29, 2019, the Debtor caused escrow company Mickie Ardi Realty to issue a payment to Defendant in the amount of $74,651.09 (the "Payment") in connection with the purported principal balance, interest, and fees for the Note.

13. The Trustee is informed and believes, and based thereon alleges that the

purported Note and unrecorded Grant Deed, as well as the Payment were made for the benefit of Defendant. Collectively, the Note, unrecorded Grant Deed, and Payment are referred to hereafter as the "Morrison Transfers."

14. The Trustee is informed and believes, and based thereon alleges that during the Preference Period, the Debtor made additional transfers to or for the benefit of Defendant totaling approximately $33,000 (the "Pre-Petition Transfers") according to page 30 (of 39) of the Debtor's Statement of Financial Affairs [Docket Number 14 in the main bankruptcy, case number 1:18-bk-12698-MT]. The Trustee is informed and believes, and based thereon alleges that the Pre-Petition Transfers were made to or for the benefit of Defendant (an insider) or incurred such obligation to or for the benefit of Defendant as an insider, under an employment contract and not in the ordinary course of business. Alternatively, the Trustee is informed and believes, and based thereon alleges that prior to receiving the Pre-Petition Transfers, (i) Defendant provided goods and/or services to the Debtor or (ii) the Debtor was otherwise indebted to Defendant. After such debts were created, the Debtor made the Pre-Petition Transfers on account of those obligations. As such, the Pre-Petition Transfers were payments on account of antecedent debts owed by the Debtor to Defendant.

15. The Morrison Transfers and the Pre-Petition Transfers are collectively referred to herein as the "Transfers." The Trustee is informed and believes, and based thereon alleges that the Transfers were a transfer of an interest of the Debtor in property.

16. The Trustee is continuing her investigation to determine whether there may be additional payments in addition to the Transfers alleged in this Complaint and such payments or transfers may have been made to Defendant that are subject to avoidance and recovery under the Bankruptcy Code.

17. The Trustee reserves her right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all claims for relief, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein

Case 1:21-ap-01006-MT    Doc 1    Filed 01/28/21    Entered 01/28/21 17:17:26    Desc
Main Document    Page 5 of 13

(collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**FIRST CLAIM FOR RELIEF**

**[AVOIDANCE AND RECOVERY OF POST-PETITION TRANSFERS – 11 U.S.C. § 549 AGAINST DEFENDANT]**

18.   The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.   The Debtor's sale of the Morrison Property constitutes a transfer as defined in 11 U.S.C. § 101(54) and occurred after the Petition Date. Moreover, the Payment to Defendant from the proceeds of the sale of the Morrison Property was property of the Estate.

20.   The Trustee is informed and believes, and based thereon alleges that the post-petition Payment to Defendant was a transfer of interest of the Debtor in property. The Payment was made post-petition and was not authorized by the Trustee or the Bankruptcy Court and is not authorized under the Bankruptcy Code.

21.   Pursuant to 11 U.S.C. §§ 549, 550, and 551, the Trustee may avoid the Payment and recover the Payment for the benefit of the Estate.

**SECOND CLAIM FOR RELIEF**

**[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 550(a), 551, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2) AND 3439.07 AGAINST DEFENDANT]**

22.   The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 17, inclusive, as though fully set forth herein.

23.   The Trustee is informed and believes, and based thereon alleges that at the time the Transfers were made there were actual creditors of the Debtor in existence against whom the Transfers were avoidable.

24.     The Trustee is informed and believes, and based thereon alleges that the Debtor did not receive reasonably equivalent value for the Transfers, and each of them, in that (i) the Transfers were made for the benefit of the Principals, and not the Debtor, and/or (ii) the value of the services or any other purported consideration provided by Defendant to the Debtor in exchange for the Transfers was not of reasonably equivalent value to the Transfers. Moreover, the Debtor was insolvent on the date that the Transfers were made and was engaged or was about to engage in a business or a transaction for which the remaining assets and property of the Debtor after the Transfers was unreasonably small in relation to the business or transaction.

25.     The Trustee is informed and believes, and based thereon alleges that at the time of the Transfers, and each of them, the Debtor was indebted to creditors, including but not necessarily limited to the Internal Revenue Service and Franchise Tax Board, in such amounts that as a result of the Transfers, the Debtor should have reasonably believed that it would be unable to pay debts as they became due.

### THIRD CLAIM FOR RELIEF

**[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 550(a), 551, AND CALIFORNIA CIVIL CODE §§ 3439.05 AND 3439.07 AGAINST DEFENDANT]**

26.     The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 17, inclusive, as though fully set forth herein.

27.     The Trustee is informed and believes, and based thereon alleges that at the time the Transfers were made there were actual creditors of the Debtor in existence against whom the Transfers were avoidable.

28.     The Trustee is informed and believes, and based thereon alleges that for the reasons alleged in this Complaint, (i) the Debtor did not receive reasonably equivalent value in exchange for the Transfers, and each of them, and (ii) the Transfers were made at a time when the Debtor was insolvent, or that the Debtor was rendered insolvent as a result of such Transfers.

## FOURTH CLAIM FOR RELIEF

**[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550(a) AGAINST DEFENDANT]**

29. The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 17, inclusive, as though fully set forth herein.

30. The Trustee is informed and believes, and based thereon alleges that the Debtor paid the Transfers to or for the benefit of Defendant.

31. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant that would have otherwise caused the Debtor to pay the Transfers to or for the benefit of Defendant.

32. The Trustee is informed and believes, and based thereon alleges that the Debtor paid the Transfers to or for the benefit of the Defendant for no or little consideration.

33. The Transfers were made by the Debtor to or for the benefit of Defendant with the actual intent to hinder, delay or defraud the Debtor's creditors.

34. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

## FIFTH CLAIM FOR RELIEF

**[AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550(a) AGAINST DEFENDANT]**

35. The Trustee incorporates herein by this reference paragraphs 1 through 17, inclusive, of this Complaint as if set forth in full herein.

36. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant that would have otherwise caused the Debtor to pay the Transfers to or for the benefit of Defendant.

37. The Trustee is informed and believes, and based thereon alleges that, the Debtor received less than reasonably equivalent value in exchange for the Transfers.

///

38. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers the Debtor was insolvent or became insolvent as a result of such transfers.

39. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

40. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

41. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

## SIXTH CLAIM FOR RELIEF

**[RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 550(a) and 551 AGAINST DEFENDANT]**

42. The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 17, inclusive, as though fully set forth herein.

43. Defendant the initial transferee of the Transfers from the Debtor to her as alleged herein. The Trustee is informed and believes, and based thereon alleges that in the event Defendant was not the initial transferee of each such Transfer, she was the person for whose benefit each of these Transfers was made.

44. Upon the avoidance of the Transfers, and each of them, the Trustee is entitled to recover each such Transfer and to preserve it for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551.

///

///

///

///

///

**SEVENTH CLAIM FOR RELIEF**

**[FOR AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. § 547 - AGAINST DEFENDANT]**

45. The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 17, inclusive, as though fully set forth herein.

46. The Debtor's unrecorded Grant Deed of a 25% interest to Defendant in the Morrison Property (the "Grant Deed Transfer") was of a property interest of the Debtor. The Pre-Petition Transfers to Defendant were also of property interests of the Debtor.

47. The Grant Deed Transfer and Pre-Petition Transfers were made to or for the benefit of Defendant at a time in which Defendant was a creditor of the Debtor.

48. The Grant Deed Transfer and Pre-Petition Transfers were for or on account of antecedent debts owed by Debtor before such transfers were made.

49. The Grant Deed Transfer and Pre-Petition Transfers were made while Debtor was insolvent.

50. The Grant Deed Transfer and Pre-Petition Transfers enabled Defendant to receive more than Defendant would otherwise receive if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the transfer had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

51. The Debtor, an insider, made the Grant Deed Transfer and Pre-Petition Transfers to Defendant within one (1) year prior to the Petition Date.

52. The Grant Deed Transfer and Pre-Petition Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

53. The Trustee is entitled to an order and judgment under 11 U.S.C. § 547 that the Grant Deed Transfer and Pre-Petition Transfers are avoided and recovered for the benefit of the Debtor's creditors.

///

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for judgment as follows:

**On The First Claim for Relief:**

1. For a judicial declaration avoiding the Payment to Defendant from the post-petition sale proceeds for the Morrison Property and entry of judgment in favor of the Trustee in the amount of the Payment, plus interest pursuant to 28 U.S.C. § 1961(a), plus the costs of this proceeding.

**On The Second through Fifth Claims for Relief:**

2. For a judicial determination that the Transfers, and each of them, were fraudulent transfers within the meaning of 11 U.S.C. §§544(b), 548, and Civil Code §3439 *et seq.*;

**On the Sixth Claim for Relief:**

3. For a judicial declaration that Defendant was the initial transferee of the Transfers that were made to her as herein alleged, and that the Trustee is entitled to recover all such Transfers and to preserve them for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551;

4. For a judicial declaration that to the extent Defendant was not the initial transferee of the Transfers that were made to her as herein alleged, that Defendant was an immediate transferee that did not take such Transfers in good faith, for value and without knowledge of such Transfer's voidability;

**On the Seventh Claim for Relief:**

5. For avoidance of the Grant Deed Transfer;

6. For recovery from Defendant by the Trustee of the amount of the Grant Deed Transfer.

///
///
///
///
///

**On All Claims for Relief:**

7. For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and

8. For such other relief as the Court deems just and proper.

DATED: January 28, 2021

                                          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:  */s/ Richard P. Steelman, Jr.*
      EDWARD M. WOLKOWITZ
      RICHARD P. STEELMAN, JR.
      JEFFREY S. KWONG
      Attorneys for Plaintiff
    Nancy J. Zamora, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFF(S)**<br>Nancy J. Zamora, CHAPTER 7 TRUSTEE | **DEFENDANT(S)**<br>ROSA RUBIO |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>EDWARD M. WOLKOWITZ (State Bar No. 68298)<br>RICHARD P. STEELMAN, JR. (State Bar No. 266449)<br>JEFFREY S. KWONG (State Bar No. 288239)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: EMW@lnbyb.com; RPS@lnbyb.com; JSK@lnbyb.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO AVOID AND RECOVER POST-PETITION TRANSFERS, FRAUDULENT TRANSFERS, AND PREFERENTIAL TRANSFERS; TO PRESERVE AVOIDED AND RECOVERED TRANSFERS FOR BENEFIT OF BANKRUPTCY ESTATE [11 U.S.C. §§ 544, 547, 548, 549, 550(a), AND 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, *et seq.*]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property**<br><br>☐ 11-Recovery of money/property - §542 turnover of property<br>❸ 12-Recovery of money/property - §547 preference<br>❶ 13-Recovery of money/property - §548 fraudulent transfer<br>❷ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $100,000+ |

Other Relief Sought:
For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>**GREEN NATION DIRECT CORPORATION, Substantively Consolidated with, N.R.G. Investment Group** | BANKRUPTCY CASE NO.<br>**1:18-bk-12698-MT** |

| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**SAN FERNANDO VALLEY DIVISION** | NAME OF JUDGE<br>**THE HON. MAUREEN A. TIGHE** |
|---|---|---|
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ *Richard P. Steelman, Jr.* | |
| DATE<br>January 28, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Richard P. Steelman, Jr. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.